IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN WAYNE MOBLEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HARRY WILSON, et al. | : | NO. 06-4591 |

### REPORT AND RECOMMENDATION

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE               April   26, 2007

      This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual currently incarcerated at the Fayette State Correctional Institution in LaBelle, Pennsylvania. For the reasons that follow, I recommend that the petition be dismissed without prejudice.

### FACTS AND PROCEDURAL HISTORY:

      On November 10, 1999, after a jury trial before the Honorable William J. Mazzola of the Court of Common Pleas of Philadelphia County, Mobley was convicted of first-degree murder and possession of an instrument of crime. The charges arose from the January 17, 1998 murder of Kevin Gleason.

      According to Judge Mazzola's post-trial opinion, the evidence at trial showed that Mr. Gleason was walking west-bound toward the corner of 67th and Ogontz Avenues when he was shot multiple times. Mobley was arrested a few blocks away after he entered a home without permission. Mobley's clothes matched the description given by eyewitnesses to the murder and the gun used to kill Mr. Gleason was recovered at the

residence. The defense presented a diminished capacity defense, supported by two expert witnesses and rebutted by a Commonwealth witness. Upon conviction, Judge Mazzola sentenced Mobley to life imprisonment for murder and a concurrent term of one to five years' imprisonment for possessing an instrument of crime.

Mobley filed a timely appeal to the Pennsylvania Superior Court, claiming that (1) trial counsel was ineffective for calling Dr. Eric Samuel, (2) the trial court erred by not permitting Dr. Samuel to state that Mobley was not acting of his own free will, and (3) the trial court erred in permitting a rebuttal expert to mention Mobley's drug dealing. The Pennsylvania Superior Court affirmed the judgment of sentence by memorandum issued November 28, 2001. Commonwealth v. Mobley, 1488 EDA 2000 (Pa. Super. Nov. 28, 2001).

Mobley then sought discretionary review in the Pennsylvania Supreme Court. On October 10, 2002, the Pennsylvania Supreme Court denied Mobley's petition for allowance of appeal. Commonwealth v. Mobley, 595 EAL 2001 (Pa. Oct. 10, 2002).

On April 14, 2003, Mobley filed a timely petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9551. In his pro se PCRA petition, Mobley claimed that the trial court violated his due process rights by failing to hold a hearing to determine the petitioner's competence to stand trial, and that trial counsel was ineffective for failing to request such a hearing. In addition, in correspondence with his court-appointed PCRA counsel, Mobley claimed (1) that the trial

court improperly instructed the jury on the crime of murder, (2) that trial counsel was ineffective in preventing Mobley from testifying in his own defense, and (3) the evidence was insufficient to support first degree murder.

On January 24, 2004, court-appointed counsel sent a Finley letter to Judge Mazzola.[1]  In the letter, counsel reviewed all of Mobley's claims.  Finding each of the claims either waived or without merit, counsel recommended that the PCRA petition be dismissed and that counsel be permitted to withdraw.  On March 18, 2004, Judge Mazzola dismissed Mobley's PCRA petition.

Mobley filed a timely appeal from the dismissal of his PCRA petition.  Unfortunately, the notice of appeal was never properly filed, although it seems to have been timely received in Judge Mazzola's chambers.  It was not until Mobley filed his current federal habeas petition and the Assistant District Attorney researched the matter that the state courts determined that Mobley had, in fact, filed a timely appeal.

In the meantime, on August 30, 2004, Mobley filed a second PCRA petition, seeking to have his appellate rights reinstated.  On February 4, 2005, Judge Mazzola granted Mobley's petition and reinstated his appellate rights nunc pro tunc.  Mobley

---

[1] Pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa.Super.Ct.1988), appointed counsel in a post-conviction proceeding may be given leave to withdraw, without violating the client's Sixth Amendment rights, upon the submission of a "no merit" letter that details the nature and extent of his review of the case, lists each issue the petitioner wished to have reviewed, and explains his assessment that the case lacks merit. The court must also conduct an independent review of the record and must agree with counsel that the petition is meritless before dismissing the petition.

claims to have filed a notice of appeal on February 10, 2005.  See PCRA Petition filed 12/2/05, at ¶ 5.  However, again, no appeal was ever docketed.

On December 2, 2005, Mobley filed a third PCRA petition.  He again sought the reinstatement of his appellate rights from the denial of his first PCRA petition.  On July 20, 2006, Judge Mazzola dismissed the third PCRA petition as untimely filed.

On October 13, 2006, Mobley filed this petition for habeas corpus, claiming:

1. Petitioner's right to appeal was violated when, on three occasions, he attempted to perfect an appeal from the denial of collateral relief, which was never properly filed by the state courts;

2. Trial counsel was ineffective for failing to request a competency hearing; and

3. The failure to conduct a competency hearing violated petitioner's due process rights.

After Mobley filed this petition, the Assistant District Attorney researched Mobley's claim that he had filed a timely appeal of the denial of the first PCRA petition.  As a result of that research and at the Assistant District Attorney's request, Judge Mazzola has issued an Order finding as a fact that Mobley did timely file an appeal of the denial of his first PCRA petition, and that the "fact that [the appeal] was not contemporaneously docketed was an error."  Commonwealth v. Mobley, C.P. No. 9801-0945, PCRA Order, Dec. 12, 2006 (Mazzola, J.), attached as Exhibit A.  Judge Mazzola directed the Appeals Unit of the Court of Common Pleas of Philadelphia County to docket the appeal as timely filed, to send a copy of his Order to the Superior Court, and

"to take any other necessary steps to ensure this appeal is effectuated." Commonwealth v. Mobley, C.P. No. 9801-0945, PCRA Order, Dec. 12, 2006 (Mazzola, J.).

A review of the state court docket reveals that, pursuant to Judge Mazzola's Order, Mobley's appeal was docketed on January 10, 2007. See Commonwealth v. Mobley, 64 EDA 2007, Docket Sheet, attached as Exhibit B. The Superior Court's docket specifically notes that Mobley's Notice of Appeal was filed on March 30, 2004, rendering it a timely filed appeal.

In response to Mobley's habeas petition and in light of Judge Mazzola's actions in rectifying the docketing error, the District Attorney argues that the petition contains unexhausted claims and should, therefore, be dismissed.

**DISCUSSION:**

Absent unusual circumstances, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner give the state courts an opportunity to review his allegations of error before seeking relief in the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)).

According to 28 U.S.C. § 2254(c),

> [a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Mobley's second and third federal habeas claims, involving the failure to hold a competency hearing, were presented in his first PCRA petition. Until recently, his attempts to properly present these claims to the state appellate court have been frustrated. However, it now appears that Mobley's appeal is proceeding. Until the Superior Court has concluded its review of Mobley's claims, his claims will not be considered exhausted for purposes of federal habeas review.

Mobley's first claim, that he was denied the right to appeal, has now been rectified and made moot by the state courts. As the Respondent has pointed out, an additional argument that can be inferred from this claim is that Mobley's failure to exhaust should be excused. Inexcusable or inordinate delay by the state in processing claims for relief can render the state remedy ineffective by squelching the opportunity to obtain redress in the state court. See Wojtczak v. Fulcomer, 800 F.2d 353 (3d Cir. 1986) (three-year delay constituted inordinate delay); Hankins v. Fulcomer, 941 F.2d 246 (3d Cir. 1991) (eleven-year delay). However, the Third Circuit has instructed the district court to "stay its hand once there is reliable evidence that the state action has been reactivated" even after a lengthy delay. Walker v. Vaughn, 53 F.3d 609, 615 (3d Cir. 1995). Here, despite the nearly three-year delay in Mobley's PCRA appeal, it now appears that the appeal is proceeding in the normal course. Thus, the federal court should "stay its hand." Id.

The final issue the federal court must determine is whether Mobley's petition should be dismissed or stayed pending his exhaustion of state court remedies. In Rhines

v. Weber, 544 U.S. 269 (2005), the Supreme Court approved of a "stay and abey" procedure when the federal court is faced with a mixed petition (containing both exhausted and unexhausted claims) and concludes that there was good cause for the petitioner's failure to exhaust state court remedies.  One of the underpinnings of Rhines is the relationship between the total exhaustion rule and the strict one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act, ("AEDPA"), 28 U.S.C. § 2244(d).

> As a result of the interplay between AEDPA's 1-year statute of limitations and [Rose v.] Lundy's dismissal requirement, [455 U.S. 509 (1982)] petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims.

Rhines, at 275.  Thus, the "stay and abey" procedure protects both the concerns of comity and finality by giving the state courts the first opportunity to address the unexhausted claims and preserving the petitioner's exhausted claims from an untimely fate if the court were to dismiss a mixed petition.

At this point, the court is not faced with a mixed petition.  Mobley's claims are unexhausted.  More importantly, however, there does not seem to be any fear that failing to stay Mobley's federal petition will result in the running of the habeas limitations period.   The habeas limitations period began to run when Mobley's conviction became final on January 8, 2003, when the time for seeking certiorari in his direct appeal expired.  See Supreme Court Rule 13(1) (petitioner has 90 days to file petition for certiorari).  On

April 14, 2003, 96 days later, Mobley filed his first PCRA petition, tolling the habeas statute of limitations.  See 28 U.S.C. § 2244(d)(2) (time during which a properly filed PCRA petition is pending excluded).  Because the state court has found that his currently pending appeal was timely filed, the habeas statute of limitations remains tolled.  Once the state court has concluded review of Mobley's collateral appeal, he will have 269 days to file a timely habeas petition.

In light of this recommendation, there is no basis for issuing a certificate of appealability.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this    26th         day of    April         , 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be dismissed without prejudice to Mobley's ability to seek habeas relief once he has exhausted his state court remedies.  There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

/s/ Elizabeth T. Hey
_____
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN WAYNE MOBLEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HARRY WILSON, et al. | : | NO. 06-4591 |

**O R D E R**

PETRESE B. TUCKER, J.,

AND NOW, this            day of                       , 2007, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, IT IS ORDERED that:

  1. The Report and Recommendation is APPROVED and ADOPTED.

  2. The petition for a writ of habeas corpus is DISMISSED without prejudice.

  3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
PETRESE B. TUCKER, J.